CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 1 2 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:03-cr-70162-1 |
| v. | § 2255 MEMORANDUM OPINION |
| RICKY LEE PRITCHETT,<br>Petitioner. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

This matter is before me upon petitioner's motion to appoint counsel. After reviewing the motion, I conclude that it is appropriately filed and dismissed as a successive 28 U.S.C. § 2255 motion.

I entered petitioner's criminal judgment on July 1, 2004, and I dismissed petitioner's first § 2255 motion on May 22, 2007. Pritchett v. United States, No. 7:06-cv-00727 (W.D. Va. May 22, 2007). Petitioner now requests the appointment of counsel in order to vacate his conviction in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). When a convict files a motion in a closed criminal case challenging a criminal judgment, the motion is often filed and dismissed as a successive § 2255. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). For example, the motion is properly filed as a separate § 2255 motion if the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in substantive law. Id. To allow prisoners to bring new habeas claims in a subsequent motion would circumvent the requirement under § 2255(h) that a court of appeals certify any subsequent habeas claims. Id. at 531-32. I find that petitioner seeks the appointment

of counsel to present new arguments to challenge his criminal judgment based on new case law, and I construe the motion as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.[1]

I may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion about the same conviction and/or sentence, and petitioner's construed § 2255 motion is a second or subsequent one under § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, I must dismiss the action without prejudice. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for the United States.

ENTER: This 12th day of July, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] Even if I did not construe the motion as a § 2255 motion, petitioner "has no right to counsel beyond his first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991).